UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL J. RILEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4884** |
| **SOUTHWEST BUSINESS CORPORATION AND UNDERWRITERS AT LLOYDS OF LONDON** | **SECTION "T"(4)** <br> **JURY TRIAL REQUESTED** |

Currently before the Court is a Motion for Partial Summary Judgment filed by plaintiff, Michael J. Riley. (**REC. DOC. 12**) The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### ORDER AND REASONS

### I.   BACKGROUND

Michael J. Riley ("Plaintiff") and his wife are the mortgagees of the property located at 2425 Napoleon Avenue in New Orleans, Louisiana. Midwest First Financial ("Midwest") has a mortgage on the property. On or about August 12, 2005, Midwest requested a Hazard Master insurance policy be placed on the property after learning that the Plaintiff's insurance coverage had lapsed. Defendant, Southwest Business Corp. ("Southwest") placed this coverage with defendant, Underwriters of Lloyds of London ("Lloyds") effective August 12, 2005.

As a result of Hurricane Katrina, Plaintiff was displaced from the 2425 Napoleon Ave. address. Based upon the Hazard policy, on or about January 5, 2006, Plaintiff made demand on

defendants for additional living expenses of $6490.20.[1]  In addition, Plaintiff made demand on defendants for $20, 000 for loss of use.  Southwest responded to the demand on February 21, 2006, denying coverage for the amount submitted for additional living expenses because the expenses were "not covered expenses ... under your flood or hazard coverage."[2]  With regard to the demand for loss of use, Southwest denied coverage stating that "[n]either the Flood Master Policy nor the Hazard Master Policy provides the type of coverage you are requesting.  While Form DP3 provides Fair Rental Value coverage, this only applies to that part of your residence which is actually rented to others or held for rent by others."[3]

  The instant action was filed wherein Plaintiff alleges that he is entitled to the loss of use and additional living expense coverage and that the defendants are liable for arbitrarily and capriciously adjusting his claim.  Plaintiff's complaint also alleges that the defendants have engaged in unfair trade practices in violation of LSA-R.S. 22: 1214.   The coverage issues and the alleged bad faith of the defendants are the subject matter of the instant motion.

**II.**  **ARGUMENTS BY THE PARTIES**

    **A.**  **PLAINTIFFS' ARGUMENTS**

    **(1)**  **The insurance policy is ambiguous.**

  Plaintiff's first argument is that the Master policy is ambiguous.  He states that he was provided only with an "Evidence of Insurance" certificate which provided that the policy provided for loss of use coverage.  Upon receiving a copy of the policy, Plaintiff noticed that it

---

[1] *See* Exhibit "C", attached to Plaintiff's Motion for Partial Summary Judgment.
[2] *See* Exhibit "E", attached to Plaintiff's Motion for Partial Summary Judgment.
[3] *Id.*

did not have an explanation of coverage under "Section G-Loss of Use".  Plaintiff argues that this creates an ambiguity in the policy because the "Evidence of Insurance" provides for a coverage which is not explained in the policy itself.

> **(2)    Plaintiff did not receive a copy of the policy; therefore, any exclusions or provisions asserted to preclude coverage are not valid.**

Plaintiff submits that he was never provided a copy of any insurance policy and/or exclusions and therefore, the policy's provisions and exclusions are not valid and cannot be enforced because they were not clearly communicated.  Plaintiff also argues that the Defendants violated LSA-R.S. 22:628, which mandates that every policy shall be delivered to the insured or to the person entitled thereto within a reasonable amount of time after its issuance.

> **(3)    Defendants failed to comply with the statutory requirement of delivery of the policy to Plaintiff; therefore, they have acted arbitrarily and capriciously in denying his claims.**

Plaintiff asserts that Defendants were arbitrary and capricious and violated their obligation to adjust the claim in good faith and with fair dealing because they failed to comply with the statutory requirement of delivery of the policy.  Because Lloyds' failed to comply with the statutory requirements mandating delivery of the policy, Plaintiff urges they could only adjust the claim based upon what was provided in the Evidence of Insurance certificate actually delivered to the plaintiff.  Plaintiff asserts that Defendants' failure to adjust the claim based upon the Evidence of Insurance certificate actually provided to the Plaintiff was arbitrary and capricious and violated their duties to adjust the claim in good faith.

**B.    DEFENDANTS' ARGUMENTS**

**(1)    The forced placed insurance policy between Southwest and Lloyds did not amount to a *stipulation pour auturi*; thus, Plaintiff has no standing to claim coverage under the policy as he is not an insured.**

Defendants argue that Plaintiff has no standing to assert any claims against Underwriters and Southwest under the forced placed policies at issue because there is no relationship between Plaintiff and these Defendants.[4] Plaintiff is not a named insured under they policy; therefore, he is not entitled to coverage. Further, the insurance contract between Southwest and Lloyds' did not create a *stipulation pour autrui* with respect to Plaintiff because *stipulations pour autrui* must be created with a clear expression of intent.

**(2)    Plaintiff has not established entitlement to any additional payments under the policy.**

The Evidence of Insurance document relied upon by Plaintiff provides, in pertinent part, that "coverage is subject to the terms, conditions, and exclusions of the master policy. This evidence does not amend, extend or alter the coverage afforded by the policy. It is issued only as a matter of information only…For a complete copy of the Master Policy, contacts your lender."[5] Defendants argue that this clause makes it clear that the specific provisions of the policy, as opposed the certificate itself, govern whether there is or is not coverage under the applicable policy. Because the specific provisions in the master policy do not show that Plaintiff's losses are covered, Defendants urge that Plaintiff has not shown he is entitled to additional payments

---

[4] Opposition to Motion for Partial Summary Judgment by Lloyds' and Southwest, p. 2.
[5] *See* Exhibits A and B attached to Plaintiff's Motion for Summary Judgment.

under the policy.  Further, Defendants point out that the declaration sheet has no effect on whether or not one is an insured under an insurance policy.

### (3) Plaintiff has submitted no evidence demonstrating that he has any damage that would entitle him to additional coverage under the Loss of Use/Rents provision of the Policy.

Defendants argue that plaintiff has not provided any evidence that the losses he allegedly sustained are covered by the Loss of Rents/Use provisions of the policy.

### (4) Defendants complied with LSA-R.S. 22:634

Plaintiff has presented no evidence that he was entitled to delivery of the policy under LSA-R.S. 22:634.  Plaintiff was not an "insured" under the policy and he has not established that he was "person entitled" to receive delivery of the policy.  *See* LSA- R.S. 22:634.  Accordingly, Defendants urge that they had no obligation to deliver a copy of the policies at issue to plaintiff as he suggests.

## IV. LAW AND ANALYSIS

Summary Judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[6] The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.[7]  When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply

---

[6] Federal Rule of Civil Procedure 56.
[7] *Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir. 1996) (citing *Skotak v. Tenneco Resins, Inc*., 953 F.2d 909, 912-13 (5th Cir.) (quoting *Celotex Corp. v. Catret*t, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)).

show that there is some metaphysical doubt as to the material facts.  The nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*."[8]

Plaintiff requests this Court make a finding that, as a matter of law, he is entitled to insurance coverage under the forced placed policy in effect on the property located at 2425 Napoleon Avenue.  The Court notes that no cross-motion for summary judgment was filed by defendants; accordingly, all that is currently before the Court is whether Plaintiff is entitled to summary judgment on the coverage issues.  For the reasons that follow, the Court finds that Plaintiff has not shown that he is entitled to judgment as a matter of law and therefore, **DENIES** Plaintiff's Motion for Summary Judgment.

In the case of *Harrison v. Safeco Insurance Company*, 2007 WL 1244268 (E.D. La. 2007), Judge Barbier was faced with a similar factual scenario and found that the plaintiffs had no standing to bring their claims.  The plaintiffs in *Harrison* brought actions against the defendant insurance companies claiming intentional, improper, unjust, and negligent adjustment of their insurance claims after Hurricane Katrina.  All of the plaintiffs were property owners whose property was insured by "lender-placed" policies issued to the mortgage companies due to the failure of the lenders/property owners to procure adequate coverage.[9]  Similar to the Plaintiff in this case, the plaintiffs' in *Harrison* claimed breach of contract, violations of LSA-R.S. 22:658 and LSA-R.S. 22:1220. *Id.*

After reviewing the policies at issue naming the mortgage company **only** as the named insured, Judge Barbier found that the plaintiffs had no standing to bring their claims against the

---

[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir. 1995

[9] *Harrison*, 2007 WL 124426 at * 2.

insurance companies because they **were not parties** to any of the insurance contracts.[10]  Judge Barbier also found that the plaintiffs were not the direct or third party beneficiaries of the insurance contracts and therefore, were likewise not entitled to coverage under the policies.[11]  This latter finding was based upon Judge Barbier's conclusion that "there [was] no clear manifestation in either policy that confer[ed] a benefit upon Plaintiffs."[12]  Similar to the instant case, the policies at issue were intended to benefit the mortgage companies and particularly their interests in plaintiffs' properties.

Judge Barbier also correctly pointed out that the Louisiana federal courts have determined that the "proper means" to include a stipulation *pour autrui* in an insurance contract is to "name the third party as an additional insured."[13]  Since the plaintiffs was not named as additional insureds under the policies at issue, the plaintiffs were not entitled to third party beneficiary status.

The Court rejected the argument that the reference to the plaintiffs as the "borrower" created a stipulation *pour autrui*.  "A mere reference to a third party in a contract does not create a stipulation pour autrui. There still must be a manifestation of intent to benefit that third party."[14]  Judge Barbier also determined that the plaintiffs' payments made to their lenders in reimbursement for the insurance premiums did not create stipulations *pour autrui*.[15]

---

[10] *Harrison,* 2007 WL 124426 at * 4.
[11] H*arrison*, 2007 WL 124426 at * 4.
[12] *Harrison,* 2007 WL 1244268 at * 5.
[13] *See Nesom v. Chevron* U.S.A. Inc., 633 F.Supp. 55, 58 (E.D.La.1984); *St. Julien v. Diamond M. Drillin*g, 403 F.Supp. 1256, 1259 (D.C.La.1975).
[14] *Harrison,* 2007 WL 1244268 *5 citing, *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006).
[15] *See Harrison,* 2007 WL 1244268 *5 citing, *Kilson v. American Road Insurance Company*, 345 So.2d 967, 969.

In this case, the Court concludes there has been no showing of any legal relationship between Plaintiff and Defendants so as to permit the assertion of the claims brought in this lawsuit. The Evidence of Insurance documents relied upon so heavily by the Plaintiff and attached to his Motion for Summary Judgment, name the mortgage company and not the Plaintiff as the named insured.  Plaintiff was not named as an insured and has no rights as such under the insurance contract.  Further, Plaintiff was not named as an additional insured and therefore, is not entitled to the classification as a third-party beneficiary under this policy.

The Court rejects Plaintiff's arguments that by providing to him the "Evidence of Insurance" stating there was Loss of Use and Additional Living Expenses coverage and that by providing plaintiff with $2500.00 initial payment of living expenses, the defendants made a "clear expression of intent to benefit Plaintiff".  The policies at issue in this case, like those in *Harrison,* are forced placed policies intended to benefit the mortgage company.  While Plaintiff makes a good point that the mortgage company has no "interest in assertion of claims under Loss of Rent/Use or Additional Living Expenses", that inclusion in the policy of such coverage does not in and of itself show that there was a clear expression of intent to benefit Plaintiff.  In fact, Plaintiff cites no case to support his claim.  As Judge Barbier pointed out in *Harrison,* a "mere reference to a third party in a contract does not create a stipulation *pour autrui*; there still must be a manifestation of intent to benefit that third party."[16]  As there has been no such showing made, Plaintiffs' Motion for Summary Judgment is **DENIED.**

---

[16] *Harrison,* 2007 WL 1244268 *4-5

Accordingly,

**IT IS ORDERED** that the Motion for Partial Summary Judgment filed on behalf of Plaintiff, Michael J. Riley, **(REC. DOC. 14)** be and is hereby **DENIED**.

New Orleans, Louisiana, this 24th day of August, 2007.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**