UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL J. RILEY | CIVIL ACTION |
| VERSUS | NO. 06-4884 |
| SOUTHWEST BUSINESS CORP., ET AL. | SECTION "R" |

**ORDER AND REASONS**

Before the Court is defendants' motion to dismiss for lack of standing under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Because the defendants' argument is an attack on the merits of plaintiff's claim rather than a challenge to the Court's jurisdiction, the Court considers the motion as a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted. For the following reasons, the Court GRANTS the defendants' motion.

## I. Background

The plaintiff, Michael Riley, and his wife are the mortgagors of property located in New Orleans. Midwest First Financial ("Midwest"), not a party to this action, is the mortgagee of the property. Sometime in the spring or summer of 2005, Midwest learned that the plaintiff's insurance coverage on the property had lapsed. Seeking to protect its interest in the property, Midwest entered into two forced placed insurance

contracts covering the property, effective August 12, 2005. Defendant Southwest Business Corporation ("Southwest") executed the contracts as coverholder on behalf of defendant Underwriters at Lloyd's of London ("Underwriters"). The first policy, FP-1461, insured against general hazard, and the second policy, FL-0591, insured against flooding.

On August 28, 2005, Hurricane Katrina passed near New Orleans, damaging the property and displacing the plaintiff from the property. In December 2005, after plaintiff made inquiries about the insurance policies, Southwest and Underwriters provided him with a document entitled "Evidence of Insurance," which listed Midwest as the insured and recited the types of coverage and limits of liability. The document also listed plaintiff as the "borrower."

In January 2007, plaintiff made a written demand to Southwest for $35,000 in partial satisfaction of what he claimed were Southwest's obligations to him under the contract. Southwest denied plaintiff's claims in a letter dated February 21, 2006, on the basis that the claims had either been paid to Midwest or were not covered by the policies.

Plaintiff initiated this action to recover damages for breach of contract, violations of LA. REV. STAT. §§ 22:1220 and 22:1214, and intentional infliction of emotional distress. (*See* R. Doc. 1.) On May 31, 2007, plaintiff filed a motion for

partial summary judgment, which raised many of the same issues the Court faces today. Judge Porteous denied that motion. The defendants have now filed a motion to dismiss plaintiff's claim for lack of standing.

**II. Legal Standard**

The defendants have filed a motion to dismiss for lack of subject-matter jurisdiction--styled a "Motion to Dismiss for Lack of Standing"--under FED. R. CIV. P. 12(b)(1). They argue that the plaintiff may not recover because he is neither an insured under the terms of the policy nor a third-party beneficiary, which is a challenge to the merits of the plaintiff's claim. *See Richardson v. Southwest Business Corporation*, 2007 WL 4259300 at *1 (E.D. La.). The Court will therefore treat defendants' motion as a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6). *See Prometheus Development Co., Inc. v. Everest Properties*, 2008 WL 3822290, at *1 (9th Cir. 2008) (treating a 12(b)(1) motion as a 12(b)(6) motion) (citations omitted); *see also Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981) (explaining that 12(b)(6) motions are more protective of the plaintiff's rights than 12(b)(1) motions).

In considering a motion to dismiss, a court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Baker v. Putnal*, 75 F.3d

190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead “enough facts to state a claim to relief that is plausible on its face.” *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). “Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact).” *Twombly*, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted). Though a court ruling on a 12(b)(6) motion generally may not consider documents that are extrinsic to the pleadings themselves, it “may review the documents attached to the motion to dismiss . . . where the complaint refers to the documents and they are central to the claim.” *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

**III. Discussion**

The Court finds that the plaintiff has not stated a valid claim for breach of contract because he has failed to demonstrate that a contract existed between him and the defendants. *See Riley v. TIG Ins. Co.*, 923 F. Supp. 882, 887 (E.D. La. 1996)

(dismissing plaintiff's breach of contract claim because he could not "show the existence of valid contract between defendants and himself"), *aff'd* 117 F.3d 1416. The insurance policies themselves list only Midwest as the insured.[1] (*See* R. Doc. 30-2, 30-5.) Though the plaintiff argued in his complaint that he is a "named insured" (R. Doc. 1, ¶ 5), he has not directed the Court's attention to wording in either policy that indicates that he is a party to the contract. Where, as here, "the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written."[2] *Pareti v. Sentry Indem. Co.*, 536 So.2d 417, 420 (La. 1988). Because Riley is not a party to the insurance contracts, he has no cause of action to enforce them in court. *See Riley*, 923 F. Supp. at 887.

Plaintiff also appears to argue that the "Evidence of Insurance" certificate issued by defendant Southwest Business Corporation constitutes a binding contract between Southwest and the plaintiff. The certificate, however, clearly notes that Midwest is the insured and that Riley is merely the "borrower." (*See* R. Doc. 12-3.) In addition, it expressly refers the reader

[1] The insurance policies are properly considered in resolving this motion because "the complaint refers to the documents and they are central to the claim." *Kane Enterprises*, 322 F.3d at 374.

[2] For the same reasons, Riley's argument that Southwest must prove a policy exclusion is unavailing. If Riley is not covered by the contract in the first place, it does not matter whether a particular type of coverage is included or excluded.

to the terms of the policy and disclaims any legal effect:

> THIS COVERAGE IS SUBJECT TO THE TERMS, CONDITIONS, AND EXCLUSIONS OF THE MASTER POLICY. THIS EVIDENCE DOES NOT AMEND, EXTEND, OR ALTER THE COVERAGE AFFORDED BY THE POLICY. IT IS ISSUED AS A MATTER OF INFORMATION ONLY. . . . FOR A COMPLETE COPY OF THE MASTER POLICY, CONTACT YOUR LENDER.[3]

(R. Doc. 12-3.) There is no indication that either Riley or Southwest intended the Evidence of Insurance to be a binding contract, and the certificate itself states that it was "issued as a matter of information only." (*Id.*) The Court therefore finds that the Evidence of Insurance certificate does not make Riley a party to an insurance contract with defendants.

The plaintiff is also not a third-party beneficiary of the insurance contract. Under Louisiana law, "[t]he most basic requirement of a stipulation *pour autrui* is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third-party beneficiary cannot meet his burden of proof." *Joseph v. Hospital Service Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1212 (La. 2006). In this case, the contracts do not "manifest a clear intention to benefit" Riley. *Id*. As with all forced placed policies, Midwest initiated coverage in order to protect its own security interest in the property, not to provide any sort of benefit for the mortgagor. Indeed, the very purpose of a forced placed policy is to cover the uninsured portion of the

[3] The "Evidence of Insurance" certificate is properly considered in resolving this motion for the reasons stated *supra*, n.1.

*mortgagee's* interest. Though Riley may incidentally benefit from the stopgap coverage, he was not an intended beneficiary and is thus not entitled to enforce the contract in court. *See id.* (holding that for a third party to be entitled to enforce a contractual benefit, the benefit must not be "a mere incident of the contract between the promisor and the promisee"); *see also Riley v. Southwest Business Corp.*, 2007 WL 2460986, at *4 (E.D. La. 2007) (holding that plaintiff mortgagor was not a third-party beneficiary of an insurance policy the mortgagee placed on the property); *Harrison v. Safeco Ins. Co. of Am.*, 2007 WL 1244268, at *3-*5 (E.D. La. 2007) (same); *Richardson v. Southwest Business Corp.*, 2007 WL 4259300, at *2 (E.D. La. 2007) (same).

Plaintiff raises several claims relating to the statutory duties of insurance carriers. *See* LA. REV. STAT. §§ 22:658, 22:1220, 22:1214. To prevail under LA. REV. STAT. §§ 22:658 and 22:1220, a plaintiff "must first have a valid, underlying, substantive claim upon which insurance coverage is based." *Clausen v. Fidelity and Deposit Co. of Maryland*, 660 So.2d 83, 85 (La. App. 1995); *see also Phillips v. Patterson Ins. Co.*, 813 So.2d 1191, 1195 (La. App. 2002). Because plaintiff has no underlying claim for damages under the contract, his claims under LA. REV. STAT. §§ 22:658 and 22:1220 must be dismissed. Plaintiff's claim under LA. REV. STAT. § 22:1214 must also be dismissed because that statute does not provide for a private cause of action. *See Riley,* 923 F. Supp. at 888.

Finally, plaintiff's claim for intentional infliction of emotional distress must be dismissed because plaintiff has not pleaded any facts to show that defendants engaged in "extreme and outrageous" behavior. *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991); *see also id.* ("The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.").

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS defendant's motion and dismisses plaintiff's complaint with prejudice.

New Orleans, Louisiana, this 17th day of September 2008

Sarah Vance

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE